IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| AJP Group, LLC, | ) | Civil Action No.: 4:13-cv-00611 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Patsy Holmes, Gabriel Ponce, Freeman | ) | |
| Todd, Gay Todd, Leon P. Butler, Jr., | ) | |
| Edgar A. Woodward, and Betty | ) | |
| Woodward, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Motion to Amend Complaint and Remand [Doc. # 21] filed by Plaintiff AJP Group, LLC ("Sonoco"). For the reasons discussed herein, the Court grants Plaintiff's Motion and remands this case to the Court of Common Pleas for Horry County.[1]

**Background**

This lawsuit arises out of the operation of a mobile home park located in North Myrtle Beach, South Carolina called Creekside Mobile Home Park. Plaintiff initially brought this action in the Court of Common Pleas for Horry County alleging several causes of action, including violation of the South Carolina Unfair Trade Practices Act ("SCUPTA"),, breach of contract, violation of the South Carolina Manufactured Home Park Tenancy Act "MHP Tenancy Act"), and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961(5).

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." The issues have been briefed by the parties, and the Court believes a hearing is not necessary.

On March 7, 2013, Defendant Patsy Holmes ("Defendant Holmes") removed this action[2] to federal court. [*See* Not. of Removal, Doc. # 1.] On March 14, 2013, Defendant Holmes also filed a Motion to Dismiss. After retaining new counsel, on March 28, 2013, Plaintiff filed the Motion to Amend and Remand at issue. Plaintiff seeks to add a non-diverse Defendant, remove the sole federal cause of actions, and requests that this Court remand the case to state court.

### Standard of Review

Because Plaintiff seeks both to amend the complaint and to remand the case, the Court will discuss both standards of review.

### I.    Amending a complaint

Under Federal Rule of Civil Procedure 15(a)(1)(B), a party may amend its pleading once as a mater of course "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

In other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In examining whether justice requires leave to amend, the Fourth Circuit has ruled that "[a] motion to amend a pleading should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving

---

[2]    Defendant Holmes initially based removal on both federal question and diversity jurisdiction. However, diversity is plainly not a valid ground for removal in this case. As Plaintiff noted in its Motion to Remand, when federal court jurisdiction is predicated on the parties' diversity of citizenship, removal is permissible "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action was brought." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 83–84 (2005); *see also* 28 U.S.C. § 1441 (b)(2). Several, if not all, of Defendants are South Carolina residents for diversity purposes. In her Response in Opposition to Plaintiff's Motion to Amend and Remand, Defendant Holmes does not challenge this assertion. Additionally, in an Answer filed by Defendants Leon P. Butler, Jr., Edgar A. Woodward, and Betty Woodward, the Defendants "admit that they are citizens and residents of the State of South Carolina." [Ans., Doc. # 59, at ¶ 3.]

party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir.1999) (internal quotations and citations omitted).

## II.    Removal jurisdiction

A defendant bears the burden of establishing the existence of removal jurisdiction. *Mulachey v. Columbia Organic Chems*. Co., 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction raises significant federalism concerns, a district court must strictly construe removal jurisdiction. *Id*. (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). If federal jurisdiction is in doubt, remand to state court is necessary. *Id*. "In order for removal jurisdiction to exist, a federal court must have original jurisdiction." *Gressette v. Sunset Grille, Inc*., 447 F.Supp.2d 533, 535 (D.S.C. 2006). Pursuant to 28 U.S.C. § 1331, federal courts have jurisdiction over all matters arising under the Constitution, laws, or treaties of the United States. See also 28 U.S.C. § 1367(a) (providing courts have supplemental jurisdiction if the state law claims are "so related to claims in the action within such original jurisdiction [federal question or diversity jurisdiction] that they form part of the same case or controversy under Article III of the United States Constitution").

## Discussion

The Court finds that Plaintiff is allowed to amend its Complaint as a matter of course, and that remand is appropriate in light of Plaintiff's now-amended Complaint.

## I.    Plaintiff may amend its complaint

As an initial matter, Plaintiff may amend its Complaint to add an additional Defendant and to remove the federal RICO cause of action.

First, the Federal Rules of Civil Procedure allow Plaintiff leave to amend as a matter of course. This is Plaintiff's first request to amend, and it was filed on March 28, 2013, only fourteen days after Defendant Holmes filed her Motion to Dismiss (and only twenty-one days

after the case was removed to this Court). Plaintiff amendment was thus made within twenty-one "days after service of a motion under Rule 12(b), (e), or (f) . . . ." See Fed. R. Civ. P. 15(a)(1)(B).

Both parties mistakenly rely on the previous version of Rule 15 in discussing whether Plaintiff may amend its Complaint. Defendant, for example, erroneously states that "once a responsive pleading has been filed, a party may amend its pleading 'only by leave of court or by written consent of the adverse party; leave shall be freely given when justice so requires.'" [Resp., Doc. # 54, at 3.] However, Rule 15 was amended on Dec. 1, 2009, to eliminate this requirement. "[T]he right to amend once as a matter of course is no longer terminated by service of a responsive pleading. The responsive pleading may point out issues that the original pleader had not considered and persuade the pleader that amendment is wise." Fed. R. Civ. P. 15 advisory committee's note (2009).

Nonetheless, the Court briefly notes that even if Plaintiff were required to seek from the Court for its amendment, the amendment would not be prejudicial to Defendants, there has been bad faith on the part of Plaintiff and the amendment would not be futile. First, the case was removed relatively recently and any discovery that has occurred likely overlaps the required discovery on the state-law claims. Second, Plaintiff filed the leave to amend very quickly and after retaining new counsel. Third, the amendment is not futile because the Amended Complaints adds an additional Defendant and removes the sole federal cause of action, making this case consist entirely of state issues.

## II.    This action is subject remand

Given that Plaintiff's Amended Complaint states no federal cause of action, the Court finds that the case should be remanded.

Pursuant to § 1367(c)(3), the district court may decline supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." "Because [Plaintiff's Amended Complaint] removes the sole federal claim and basis for original jurisdiction, the court finds that remand of the instant case is warranted." *Lane v. Joe Gibson Auto., Inc.*, No. 7:08-1743, 2008 WL 2704991, at *3 (D.S.C. July 9, 2008) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties . . . Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."))

To the extent Defendant Holmes requests that this Court decide the pending Motion to Dismiss before remanding the case, the Court declines to do so. The Honorable Judge Matthew J. Perry, Jr., in addressing a similar argument, explained as follows:

> Some of the defendants argue that the Court should decide their several motions to dismiss prior to remand. But decision of the issues presented by those defense motions would be dispositive of the state causes of action. The real question now presented is whether, having dismissed the federal claims, this Court should proceed, on the basis of its pendent jurisdiction, to decide the plethora of state law issues contained in the complaint. . . . As only state law claims remain, I believe these claims are best heard in the state tribunal.

*McGann v. Mungo*, 578 F. Supp. 1413, 1416–17 (D.S.C. 1982). Therefore, the Court will grant Plaintiff's request to remand this case.

### Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint and Remand [Doc. # 21] is **GRANTED**.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

**IT IS ALSO ORDERED** that this case is hereby **REMANDED** to the South Carolina Court of Common Pleas for Horry County County, South Carolina. A certified copy of this Order

5

of Remand shall be mailed by the Clerk of this Court to the Clerk of the Court of Common Pleas for Horry County, South Carolina.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
June 18, 2012